**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:14-CV-60629-Rosenberg/Brannon**

BROWN JORDAN INTERNATIONAL, )
INC., BJI HOLDINGS, LLC, )
BROWN JORDAN SERVICES, INC. )
and BROWN JORDAN COMPANY, )
                                                        )
         Plaintiffs, )
                          )
    v. )
                          )
CHRISTOPHER CARMICLE, )
                          )
         Defendant. )
                          )

**CASE NO. 14-CV-61415-Rosenberg/Brannon**

CHRISTOPHER CARMICLE, )
                          )
         Plaintiff, )
                          )
    v. )
                          )
BJI HOLDINGS, LLC, et al., )
                          )
         Defendants. )
                          )

**MOTION FOR RECONSIDERATION**

Plaintiffs BJI Holdings, LLC, Brown Jordan International, Inc., Brown Jordan Services, Inc., and Brown Jordan Company (Case No. 14-CV-60629), and Defendants BJI Holdings, LLC, Brown Jordan International, Inc., and Brown Jordan Services, Inc. (Case No. 14-CV-61415) (collectively the "Company"), Gene J. Moriarty, Vincent Tortorici, Jr., Frederick G. King, Wayne Teetsel, Jason Breaux and Pamela Packard (Case No. 14-CV-61415) (hereinafter collectively with the Company, the "Brown Jordan Parties"), by and through their undersigned counsel, hereby and pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), hereby file

this Motion for Reconsideration of this Court's Order (ECF No. 92, Case No. 14-CV-61415, dated August 27, 2015) (the "Order") denying Defendants' Motion to Strike Jury Demand (ECF No. 77) (the "Motion"), and respectfully state as follows:

      1.      This Court incorrectly denied the Brown Jordan Parties' Motion to Strike because the Court mistakenly believed (1) the Brown Jordan Parties filed the motion too late, prejudicing Carmicle and (2) granting the motion would lead to an inefficient outcome.  In reaching these conclusions, the Brown Jordan Parties respectfully submit that the Court has overlooked (unintentionally) certain aspects of the history of this case.  First, the Brown Jordan Parties complied with this Court's own directives in filing its Motion to Strike Carmicle's Jury Demand and, in fact, Carmicle has been on notice for many months that the Brown Jordan Parties were relying on the jury trial waiver clause in his Employment Agreement.  Indeed, the Brown Jordan Parties have, for the last eighteen months, relied on their contractual right to a bench trial in preparing their case.  Furthermore, the Brown Jordan Parties' Motion will not negatively impact judicial economy, as it is clear that *all* of the claims in this action should be tried by the judge and not a jury.  Indeed, Carmicle himself conceded, and the Brown Jordan Parties relied on, Carmicle's statement that the Brown Jordan Parties claims against him would not be tried before a jury.

      2.      On November 24, 2014, after considering the Brown Jordan Parties motion to consolidate the cases and related oral argument, this Court ruled that the issue of jury trial waiver and consolidation of cases would be addressed after the close of discovery, stating "[e]ither party may raise this issue with the Court again at the close of discovery, after the Court has been fully briefed on the issue of the jury waiver provision in the employment agreement."  (ECF No. 57 in Case No. 14-CV-60629.)  The Brown Jordan Parties justifiably understood this instruction to

mean that the issues of consolidation and jury trial waiver should be set aside for the time being and revisited at or around the close of discovery. Indeed, as is discussed further below, the Brown Jordan Parties had presented their arguments to the Court at that time as to why there should be no jury trial as to any of the claims in the case—but the Court declined to delve into the issue at that time. In the same decision, the Court ruled that, "The Motion is granted insofar as Case No. 14-CV-60629 and Case No. 14-CV-61415 are consolidated for the purposes of discover and *all pretrial activity*." (emphasis added). Accordingly, the Brown Jordan Parties reasonably believed that pretrial motions applicable to one case would be duly considered in the other case for all pretrial motions—unless captioned to indicate otherwise.

3.  Carmicle has been on notice that the Brown Jordan Parties would move to strike his jury trial demands for many months.

4.  In Carmicle's Opposition to the Brown Jordan Parties Motion to Consolidate, Carmicle acknowledged the Brown Jordan Parties' position that the claims in these actions would not be tried before a jury. (ECF No. 47 in Case No. 14-CV-60629 at p. 6, n.9.) Indeed, Carmicle *himself* made the point that the Brown Jordan Parties claims against him would not be tried before a jury, stating "[f]or this reason, Brown Jordan primarily seeks injunctive and declaratory judgment relief and has not requested a jury trial. Indeed, its claims stemming from the alleged breach of Carmicle's contract do not give rise to right to trial by jury." (*Id.* at p. 5.)

5.  On November 3, 2014, in their Reply In Support of Amended Motion to Consolidate, the Brown Jordan Parties made it plain that Carmicle's employment agreement is operative and its jury trial waiver clause enforceable as to *each* of *all* of the parties' claims. (ECF No. 52 in Case No. 14-CV-60629 at pp. 6-7.) In pertinent part, the Brown Jordan Parties explained, "Carmicle's attempt to justify two separate actions on this basis misreads the scope of

the Employment Agreement's jury trial waiver. The Employment Agreement's waiver provision does not apply only to those claims that 'arise out of' the Agreement but to 'any judicial proceeding involving, directly or indirectly, any matter (whether in tort, contract or otherwise) in any way arising out of, related to, or connected with th[e] Agreement or the relationship established [t]hereunder.' Florida Action, ECF No. 18-2 at 13 []. This broad waiver applies to each of the Parties' claims." (*Id.*) In response to these arguments, the Court decided to defer the issues of consolidation and jury trial waiver. So that is what the Brown Jordan Parties did.

6. Furthermore, the Brown Jordan Parties rejected Carmicle's demand for a jury trial in their Answer and Affirmative Defenses, filed on December 4, 2014, over eight months ago. (ECF 50 in Case No. 14-CV-61415 at p. 24.)

7. Significantly, at this Court's hearing (before U.S.M.J. Brannon) on July 20, 2015, counsel for Carmicle expressly acknowledged that he shared the Brown Jordan Parties understanding of this Court's November 24, 2014 directive that issues relating to consolidation and the jury trial waiver were to be set aside and addressed at a later time his expectation. (ECF No. 80 in Case No. 14-CV-61415 at pp. 5-6.) He stated:

> I THINK WHEN THE MOTION THAT MR. CHINN JUST SPOKE OF WAS MADE EARLY ON IN THE CASE IT WAS BEFORE ANY SUBSTANTIVE DISCOVERY HAD TAKEN PLACE. I THINK EVERYBODY INCLUDING THE COURT THOUGHT THAT PERHAPS IT WAS TOO SOON TO MAKE A DECISION ALONG THOSE LINES. AS DISCOVERY HAS PROGRESSED IT MAY VERY WELL BE THE MOST SENSIBLE THING TO DO, TO TRY THESE CASES TOGETHER. ALTHOUGH THERE COULD BE ONE ISSUE THAT THE COURT WILL HAVE TO CONSIDER THAT WILL BEAR ON THAT ISSUE. AND THAT IS WHETHER OR NOT ONE OF THE CONTRACTS THAT HAS BEEN PLED IN THE CASE WAS INDEED IN FORCE AT THE TIME OF THE TERMINATION, AND THAT CONTRACT BARS MR. CARMICLE FROM SEEKING A JURY TRIAL. SO I GUESS DEPENDING ON -- OBVIOUSLY WE PLAN TO BRING THAT ISSUE BEFORE THE COURT AND HOPEFULLY GET A RULING ON IT AS TO WHETHER OR NOT THAT

>   CONTRACT IS OR WAS ENFORCEABLE, AND THAT COULD
>   HAVE SOME BEARING ON WHETHER OR NOT PART OF THIS
>   CASE IS TRIABLE TO A JURY AND PART OF IT IS TRIABLE TO
>   THE COURT. BUT I HAVE A FEELING THAT IT MAY VERY WELL
>   BE THAT THESE CASES WILL BE TRIED TOGETHER. BUT
>   THOSE ARE ISSUES THAT HAVE YET -- THAT ONE ISSUE HAS
>   YET TO BE SORTED OUT.

(*Id.*)

8.      Indeed, Carmicle's counsel indicated that Carmicle himself was going to bring before the Court the issue of whether the cases would be tried in whole, or in part, to a jury. Given his statements, it would be impossible for Carmicle to take the position that he has suffered any prejudice based on the timing of the Brown Jordan Parties Motion to Strike his jury demand.

9.      In addition, the Court at that time did not suggest that there was any deadline for making such a motion, much less did it mention that any motion to strike a jury demand would be considered untimely. (*Id.*) On the subject of consolidation, at that hearing, Carmicle's counsel asserted that his own expert designation, served in only <u>one</u> action, should apply to both cases. (*Id.* at 17-21.) The Court adopted Carmicle's position and permitted his expert designation to stand in both cases (even though as to this deadline only, there were in fact differing deadlines for the respective cases, and Carmicle had indisputably missed the deadline in one case). The Court also strongly implied that the actions *would be consolidated* and ordered the parties to submit a joint jury instruction to address the consolidation issue by August 7, 2015. (ECF No. 116 in Case No. 14-CV-60629 and ECF No. 81 in Case No. 14-CV-61415.)

10.     On July 31, 2015, the Brown Jordan Parties advised Carmicle by letter that his jury demands should be withdrawn. The letter requested that Carmicle inform the Brown Jordan Parties if he did not intended to withdraw his jury demands, so they could prepare a motion to

- 5 -

strike.  Carmicle did not respond, so the Brown Jordan Parties again wrote Carmicle on August 3, 2015, requesting he withdraw his jury demands or inform the Brown Jordan Parties if he was unwilling, so they could prepare a motion to strike.  (A copy of the applicable correspondence is attached hereto as Exhibit A.)  Only in the late morning of August 4, 2015 did Carmicle inform the Brown Jordan Parties that he would not withdraw his jury demand.  (A copy of the applicable correspondence is attached hereto as Exhibit B.)  Again, Carmicle's counsel expressed no surprise at this request, because there was none.  The Brown Jordan Parties then filed their Motion to Strike the demand shortly thereafter.  (ECF No. 77 in Case No. 14-CV-61415.)

11. On August 5, 2015, the Brown Jordan Parties filed their Motion to Strike Carmicle's Jury Demand in Case No. 14-CV-61415 (ECF 77), ten days prior to the close of discovery, eleven days in advance of the deadline for all pre-trial motions, and also in advance of the deadline set by this Court regarding the submission of a proposed jury instruction on the consolidation issue.  (ECF No. 113 at p. 2 in Case No. 14-CV-60629.)  The Brown Jordan Parties Motion to Strike Carmicle's Jury Demand was inadvertently only e-filed in one case, although the Motion was double-captioned and it was always the Brown Jordan Parties' intention for the Motion to apply to each of all parties claims, in both actions, as it has asserted throughout its filings during this litigation.  The Brown Jordan Parties never intended for two nearly identical cases to be tried before the bench *and* a jury, but for all claims to be tried before the Court.  The Brown Jordan Parties intended to have the jury demand struck in both actions, for both parties' claims.  Accordingly, judicial resources would not be affected by the Brown Jordan Parties' motion to strike.

12. Considering the advance notice of the Brown Jordan Parties' position on the jury waiver clause in Carmicle's employment agreement, the Court's instruction that issues of

consolidation and jury trial waiver should be revisited at a later time, the lack of any express deadline by this Court for the filing of such a motion, and the Brown Jordan Parties' meritorious position that the jury waiver clause in his employment agreement is enforceable, Carmicle has not been operating under the assumption the claims in these actions will be tried before a jury, and will not be prejudiced if these actions are tried before the bench.  On the contrary, it is the Brown Jordan parties who have been relying on their express contractual right to a jury trial waiver throughout these proceedings.  Accordingly, the Court should reconsider its decision denying the Brown Jordan Parties' motion and strike Carmicle's jury demands.

## ARGUMENT

### I.     Motion for Reconsideration Standard

This Court has articulated three separate grounds for justifying reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) *the need to correct error or manifest injustice.*"  *Morris v. Ariz. Beverage Co., LLC*, No. 03-60907 CV, 2005 WL 5544959, at *1 (S.D. Fla. Sept. 19, 2005) (emphasis added).  Further, Fed. R. Civ. P. Rule 60(b) explicitly permits courts to relieve a party from a "final judgment, order or proceeding" for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Under these standards, this Court has granted motions for reconsideration.  *See, e.g.*, *Jankus v. Edge Inv'rs, L.P.*, No. 08-80200-CIV, 2009 WL 2849064, at *1 (S.D. Fla. Aug. 31, 2009) (granting motion for reconsideration, withdrawing its earlier opinion and substituting it with new opinion memorandum); *Cargill, Inc. v. Zeigler Bros., Inc.*, No. 02-20829-CIV, 2004 WL 5503776, at *1 (S.D. Fla. Nov. 3, 2004) (granting motion for reconsideration).

### II.    Courts May Strike Jury Demands at Any Time Prior to Trial.

Additionally, it is well settled that parties may wait until the "eve of trial" to move to strike a jury demand.  *See United States v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988)

(affirming decision striking jury demand even though motion to strike was made following pre-trial motion deadline as laid out in scheduling order and one-week before trial, because judge had discretion to strike jury demand *sua sponte* at any time); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226 (3d Cir. 2007) (same); *Beal Bank USA v. Karp*, No. 08-22519-CIV-SCOLA, 2014 WL 3763949, at *23 (S.D. Fla. July 30, 2014) (granting motion to strike jury demand because jury waiver was enforceable and bench trial would not be prejudicial to parties even though motion to strike was filed nearly three years after moving party became party to the lawsuit); 8 MOORE's FEDERAL PRACTICE, supra note 51, at § 39.13[2] [c] ("Parties have a great latitude on the timing of motions to strike a jury demand. Because a court has the power to act *sua sponte* at any time, it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.").  Here, where the Brown Jordan Parties made their position on this question known early and often throughout the course of the litigation, they should certainly be permitted to make their motion to strike the jury demand now, months before the commencement of trial.

### III. This Court Should Reconsider Its Denial of the Brown Jordan Parties' Motion to Strike Carmicle's Jury Demand.

Here, the Brown Jordan Parties would be greatly prejudiced and will suffer manifest injustice if the Court does not reconsider its decision on Brown Jordan's Motion to Strike Carmicle's Jury Demand because (1) Carmicle has been on notice of the Brown Jordan Parties' position on his jury demands for over nine months; (2) the Court, after being advised of the Brown Jordan parties' position on the jury trial waiver, instructed that the issues of consolidation and jury trial waiver should be set aside for the time being; (3) although aware of Brown Jordan's position on the jury trial waiver, the Court never set any deadline for the making of a

motion in that regard; and (4) the Brown Jordan Parties, thus, submitted a timely Motion to Strike Carmicle's Jury Demand.

Indeed, while the Brown Jordan Parties formally requested Carmicle withdraw his jury demand on July 31, 2015, Carmicle was on notice of the Brown Jordan Parties' position on the jury waiver clause many months before that.  (ECF No. 52 in Case No. 14-CV-60629 at pp. 5-7.) Furthermore, the Brown Jordan Parties filed its Motion to Strike Carmicle's Jury Demand ahead of both the August 7, 2015 deadline for the proposed joint jury instruction and the August 17, 2015 deadline for motions. The Brown Jordan Parties never had any reason to believe its Motion on this matter needed to be brought earlier.  To find that the Brown Jordan Parties were untimely with their motion under these circumstances would be fundamentally unfair, given that the Brown Jordan Parties had been proceeding all along on assumption that they would receive the benefit of their bargain with Carmicle.  Furthermore, in light of the caselaw around Fed. R. Civ. P. 39, it was the Brown Jordan parties' understanding that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.

### IV.     The Jury Trial Waiver Should Be Enforced.

The Brown Jordan Parties have always believed, prior to and during this litigation, that its Employment Agreement with Carmicle was wholly enforceable, including the jury waiver clause included therein.  Carmicle has never advanced any argument that the jury waiver clause in his Employment Agreement is unenforceable, but rather that the Employment Agreement itself has somehow expired.  Leaving aside the fact that Carmicle himself now relies on this very

agreement on his breach of severance pay claim,[1] the Employment Agreement was never abandoned and is fully enforceable.[2]

First, Carmicle's argument that BJS was a "new" legal entity is completely fallacious. As is made clear from corporate filings with the Kentucky Secretary of State, BJS is merely Casual Living Worldwide, Inc., renamed. Contrary to Carmicle's characterization of Casual Living Worldwide, Inc.'s history, on April 6, 2006, the entity applied for a Certificate of Authority to do business in Kentucky after moving from Florida. No new entity—not Brown Jordan Services or anything else—was created on this date. (See Certificate of Authority, dated April 6, 2006, attached hereto as Exhibit C.) Carmicle should know—he was a signatory to the certificate. (*Id*.) Indeed, Casual Living Worldwide, Inc. simply changed its name on October 13, 2011. (See Certificate of Authority, dated October 13, 2011, attached hereto as Exhibit D.) Thus, Carmicle's reliance on *Am. Int'l Grp., Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 334 (Fla. Dist. Ct. App. 2004) and *Johnston v. Dockside Fueling of N. Am., Inc.*, 658 So. 2d 618, 619 (Fla. Dist. Ct. App. 1995) is inapposite. These cases are based on factual circumstances regarding the interplay between distinct legal entities in fact-specific situations not at all analogous to the instant case. Carmicle's Employment Agreement was never abandoned for all

---

[1] Indeed, it would be ironic to permit Carmicle to seek severance under his employment agreement while denying the Brown Jordan parties the benefit of their bargain from the agreement, the jury trial waiver.

[2] It is worth noting that because the only argument Carmicle has ever made against the jury trial waiver was that the agreement containing it was not valid, it was both logical and efficient for the Brown Jordan parties to address that issue at the same time they were seeking summary judgment both in support of their claims under the agreement and against Carmicle's claims under the agreement, so that all of those issues could be resolved at essentially one time especially given the Southern District of Florida local rule regarding prohibiting multiple partial motions for summary judgment absent prior court permission. Local Rule 7.1(c)(2).

of the reasons stated above, and all of the additional reasons stated in the Brown Jordan Parties' Motion to Strike Carmicle's Jury Demand.³ (ECF No. 77 in Case No. 14-CV-61415, pp. at 2-5.)

Second, given Carmicle's failure to put forth a meritorious argument that either the employment agreement or the jury waiver clause within is unenforceable, this Court should not afford Carmicle the ability to rely on an argument that he did not himself assert anywhere in his opposition, i.e., that he has been preparing as if this was a jury trial since day 1. Indeed, as stated clearly above, Carmicle could not have made that argument even if he desired to; he has not been preparing for a jury trial—indeed as to the Brown Jordan Parties claims against him, he has been expecting a bench trial since November 2014, and likely before then. Carmicle has been on notice that the Brown Jordan Parties have been expecting a bench trial, based on his enforceable employment agreement, multiple times, for many months. It would be intellectually dishonest of him to claim anything else.

Given all of the above, since the infancy of this litigation, the Brown Jordan Parties have always believed that these cases, to the extent they survived summary judgment motions, would eventually be tried before the bench. Accordingly, for the reasons stated above and in its Motion to Strike Carmicle's Jury Demand, the Brown Jordan Parties respectfully request that this Court should grant the Brown Jordan Parties' Motion for Reconsideration and enter judgment striking Carmicle's jury demands.

---

³ Tellingly, Carmicle believed that the employment agreements *otherwise identical* of two other departing Company employees, which were otherwise identical to his own and with the same legal entity with whom Carmicle entered into his agreement *would nonetheless still be enforceable* notwithstanding the very same Company reorganization he attempts to rely on here to avoid his obligations under his Employment Agreement. (Carmicle Dep. at 42-51, Exs. 2-5, attached hereto as Exhibit E.) Indeed, in an email, he urged the severance components of those agreements to be enforced.

## **CONCLUSION**

WHEREFORE, the Brown Jordan Parties respectfully request that this Court enter an Order (i) granting its Motion for Reconsideration, (ii) striking Carmicle's jury demands, and (iii) grant such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Date: August 28, 2015

Respectfully submitted,

/s/ Allan H. Weitzman

Allan H. Weitzman, Esq.
PROSKAUER ROSE LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 995-4760
Facsimile: (561) 241-7145
aweitzman@proskauer.com

Lloyd B. Chinn, Esq.
PROSKAUER ROSE LLP
(admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
lchinn@proskauer.com

Daniel J. Davis, Esq.
(admitted *pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W., Suite 600S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
ddavis@proskauer.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the below counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    s/*Allan H. Weitzman*
                                                   Allan H. Weitzman, Esq.

## SERVICE LIST

| | |
|---|---|
| Daniel Blonsky, Esq. | Lynn M. Watson, Esq. (admitted *pro hac vice*) |
| Susan E. Raffanello, Esq. | Glenn A. Cohen, Esq. (admitted *pro hac vice*) |
| COFFEY BURLINGTON | SEILLER WATERMAN LLC |
| 2601 S. Bayshore Drive, Penthouse | Meidinger Tower, 22nd Floor |
| Miami, FL 33133 | 462 South 4th Street |
| Tel: (305) 858-2900 | Louisville, KY 40202 |
| Fax: (305) 858-5261 | Tel: (502) 584-7400 |
| *Counsel for Carmicle* | Fax: (502) 583-2100 |
| | *Counsel for Carmicle* |