UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-CV-60629-ROSENBERG/BRANNON

BROWN JORDAN INTERNATIONAL
INC., BJI HOLDINGS, LLC, BROWN
JORDAN SERVICES & BROWN
JORDAN COMPANY,

    Plaintiffs,

v.

CHRISTOPHER CARMICLE,

    Defendant,

_____/

CASE NO. 0:14-CV-61415-ROSENBERG/BRANNON

CHRISTOPHER CARMICLE,

    Plaintiff,
v.

BJI HOLDINGS, LLC, et al.,

    Defendants.
_____/

## ORDER DENYING BROWN JORDAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on Brown Jordan's Motion for Partial Summary Judgment in case 0:14-CV-60629 at docket entry 120. The Motion has been fully briefed. The Court has reviewed the Motion and the court file and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied because a trier of fact must resolve certain disputes of material fact, must make certain credibility determinations, and must weigh extrinsic evidence pertaining to the execution of the contracts in this case.

## I. BACKGROUND

Brown Jordan International, Inc. is a Florida corporation owned by BJI Holdings, LLC. DE 61 ¶ 5. Brown Jordan International, Inc. owns and oversees Brown Jordan Company and Brown Jordan Services (all Brown Jordan parties are collectively referred to as "Brown Jordan" when distinction is unnecessary). *Id.* Christopher Carmicle ("Carmicle") worked for Brown Jordan from 2002 until his employment was terminated in February of 2014. *Id.* ¶ 6. At the time his employment was terminated, Carmicle was considered to be a divisional president of Brown Jordan Company and Brown Jordan Services. *Id.* ¶ 7. The crux of the dispute before the Court is why Carmicle was terminated and whether that termination was authorized under Carmicle's employment agreement.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.

*See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  The Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).  Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment.  *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof."  *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party.  *See Shiver*, 549 F.3d at 1343.

### III.   ANALYSIS AND CONCLUSION

Brown Jordan argues that it is entitled to partial summary judgment as to Count VI, a breach of contract and declaratory judgment claim.  In Count VI, Brown Jordan alleges that Carmicle breached his employment agreement and, as a result, Brown Jordan was entitled to terminate Carmicle for cause under the terms of the employment agreement.  In the instant Motion, Brown Jordan argues that evidence unequivocally shows that it was entitled to terminate Carmicle for cause on two different grounds.  First, Brown Jordan argues that it was entitled to terminate Carmicle because Carmicle unlawfully and improperly accessed the e-mail accounts of his superiors.  Second, Brown Jordan argues that it was entitled to terminate Carmicle because

3

Carmicle essentially misused company funds. Each ground is addressed in turn.

**1. Carmicle's Access to the E-mail Accounts of Others.**

With respect to Carmicle's access to the e-mail accounts of others (including his superiors), Carmicle does not dispute that he accessed the e-mails. What Carmicle disputes is his authorization to do so. Carmicle argues that he was authorized to access company e-mails pursuant to Brown Jordan's e-mail access policy. Although Brown Jordan has developed extensive arguments in support of their position that the e-mail policy did *not* authorize Carmicle to access e-mails, the Court concludes that an interpretation of the policy is unnecessary on summary judgment.

A close reading of the Brown Jordan e-mail policy is immaterial on summary judgment because the issue before the Court is whether Carmicle was properly terminated for cause under his employment agreement.[1] The primary provision of the employment agreement that Brown Jordan seeks to invoke with respect Carmicle's e-mail access reads as follows:

> [To be terminated for] "Cause" means any one or more of the following . . . three (3) occurrences of [Carmicle's] gross negligence or willful misconduct in any twelve month period.

DE 122-3 at 17.[2] Brown Jordan therefore relies upon the phrase "willful misconduct" to justify Carmicle's termination by arguing that Carmicle's many instances of unauthorized e-mail access equated to willful misconduct. The term "willful misconduct" is not defined under the employment agreement and the precise meaning of the term is not readily ascertainable from other portions of the agreement. In the absence of a clear definition, the Court concludes that the term could be construed to clearly and unambiguously apply to certain types of behavior that

---

[1] The termination provisions in the employment agreement are essentially incorporated into the profit interest agreements in this case.
[2] The Court's citations to the record refer to the pagination in the court file.

4

unequivocally would be considered misconduct for an executive in Carmicle's position, however, the Court also concludes that many types of intentional misconduct would not clearly and unambiguously equate to "willful misconduct" under the employment agreement. *See Gulf Cities Gas Corp. v. Tangelo Park Serv. Co.*, 253 So. 2d 744, 748 (Fla. Dist. Ct. App. 1971). Here, even assuming Carmicle did intentionally engage in misconduct under Brown Jordan's employee handbook and e-mail policy, it does not necessarily follow that intentional misconduct under the employee handbook automatically qualifies as intentional misconduct under the employment agreement. The touchstone is what a reasonable trier of fact could conclude at trial. *See Anderson v. Liberty Lobby, Inc.*, 477, U.S. 242, 251-52 (1986).

Even assuming that Brown Jordan is correct that Carmicle intentionally violated the company e-mail policy, a reasonable trier of fact (who assigns credibility and weight to Carmicle's testimony and explanations) could conclude that Carmicle's actions do not fall within the scope of "intentional misconduct" under the employment agreement or could conclude that the circumstances surrounding Carmicle's access essentially exempted him from termination for cause. A trier of fact must therefore weigh not only Carmicle's reasons for his e-mail access, but must also weigh extrinsic evidence pertaining to the intent of the parties at the time of contract so that a meaning may be assigned to the term "willful misconduct." *See Gulf Cities*, 253 So. 2d at 748. Notably, Brown Jordan argues the following:

> [T]he Agreement does not define "willful misconduct" and limit it to the violation of a Brown Jordan policy; rather, the term could apply to any intentional misbehavior that is intolerable to the Company.

DE 146 at 3. This is true. The term "could" apply to any intentional misbehavior that is "intolerable" to the company, but this is not something that can be decided on summary

5

judgment as a matter of law; this is for a trier of fact to decide. Similarly, to the extent Brown Jordan presses the argument that Carmicle's e-mail access constituted a crime, fraud, or a breach of fiduciary duty (and therefore justified termination for cause), this too must be decided by a trier of fact. As such, Brown Jordan's Motion for Summary Judgment is **DENIED** as to Carmicle's alleged unauthorized e-mail access.

### 2. Carmicle's Expenditure of Corporate Funds.

Brown Jordan argues that it was entitled to terminate Carmicle because of the manner in which he expended corporate funds. Brown Jordan's evidence on this point is varied and includes assertions that Carmicle improperly gave discounts to some customers, purchased excessive access to sporting events without authorization, and paid his wife an excessive sum for an independent contractor position that was similarly unauthorized. *See* DE 122-1 at 131-34; DE 122-7 at 52-55; DE 122-57.

In response, Carmicle points out that all of these expenditures were authorized through standard Brown Jordan budgetary procedures. *See* DE 122-13 at 4-8. Because the expenditure of these funds was authorized, Carmicle argues, it necessarily follows that what Brown Jordan is alleging is that Carmicle *concealed or disguised* the relevant expenditures during the budget approval process. Carmicle has also cited evidence that the presentation of these expenditures, at the company's annual budget meeting, was outside of his control and that he otherwise generally did not seek to conceal any company expenditures. *See id.* Carmicle has further provided evidence that the discounts he extended to customers was within the scope of established company procedures. *See* DE 140-2.

With respect to Carmicle's expenditure of company funds, there are many disputes of

material fact and the Court cannot enter judgment as a matter of law on this issue.  The propriety of Carmicle's expenditures shall be an issue resolved by the trier of fact.  It is therefore

**ORDERED AND ADJUDGED** that the Brown Jordan's Motion for Partial Summary Judgment in case 0:14-CV-60629 at docket entry 120 is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of October, 2015.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE